IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ELROY MATTHEWS, JR. #404354 *

    Petitioner *

v. * CIVIL ACTION NO. GLR-13-1990

STATE OF MARYLAND *

    Respondent *

\*\*\*

**MEMORANDUM**

On July 9, 2013, Elroy Matthews, Jr., who is detained at the Maryland Correctional Institution in Hagerstown, Maryland, filed a petition for writ of mandamus, complaining that his state habeas corpus petition was improperly removed from the Circuit Court of Washington County and transferred for review to the Administrative Judge of the Circuit Court for Baltimore County. He complains that Washington County may only refer a case in limited circumstances and in this case the Circuit Court was barred from transferring the case. ECF No. 1. He asks that the Court issue a writ of mandamus to compel the Circuit Court of Washington County to "retain jurisdiction over his writ of habeas corpus." Id.

To the extent that Petitioner is asking this Court to order state court judges to vacate the transfer of his case or to retain his habeas corpus petition, the Court has no authority to take such action under its mandamus power. The writ of mandamus is infrequently used by federal courts, and its use is usually limited to cases where a federal court is acting in aid of its own jurisdiction.

1

See 28 U.S.C. § 1361; and Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587–88 & nn. 2–4 (4th Cir. 1969).

A federal district court may issue a writ of mandamus only against an employee or official of the United States. See, e.g., Fallini v. Hodel, 783 F.2d 1343, 1345 (9th Cir. 1986); Moye v. Clerk, DeKalb County Sup.Ct., 474 F.2d 1275, 1275–76 (5th Cir. 1973) (federal courts do not have original jurisdiction over mandamus actions to compel an officer or employee of a state to perform a duty owed to the petitioner); see also In re Campbell, 264 F.3d 730, 731 (7th Cir. 2001) (same; collecting cases); In re Carr, 803 F.2d 1180, 1180 (4th Cir. 1986) (unpublished opinion) (same). Hence, the Petitioner cannot obtain mandamus relief in this Court against the Circuit Court for Washington County.

The Court finds that the instant matter is subject to dismissal. A separate Order effecting the rulings made in this Opinion is entered herewith.[1]

July 12, 2013                                        /s/
                                        _____
                                        George L. Russell, III
                                        United States District Judge

---

[1] Petitioner filed neither the civil filing fee nor an indigency application. In light of the dismissal of this case, he shall not be directed to cure this deficiency.